IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID L. WHITENER, ) | Bankruptcy Case No. 07-30967 |
| ) | |
| Debtor. ) | |
| DAVID L. WHITENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 07-3084 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| DEPARTMENT OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court for trial on a Complaint filed by the Debtor/Plaintiff pursuant to 11 U.S.C. § 523(a)(8), and the Answer of the United States of America, Department of Education; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute, and are, in pertinent part, as follows:

1.      The Debtor/Plaintiff filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on May 17, 2007.

2.      At the time of the filing of his Chapter 7 petition, the Debtor was indebted to the United States of America, Department of Education, for a student loan in the approximate amount of $37,146.64.

3. The student loan was obtained by the Debtor/Plaintiff to fund his education at Oral Roberts University, where the Debtor/Plaintiff was seeking to obtain a Masters Degree in Divinity.

4. The Debtor/Plaintiff is visually disabled and has been since childhood. While the Debtor/Plaintiff is not totally blind, the Debtor/Plaintiff cannot legally operate a motor vehicle and can only read with the help of visual aids.

5. While the Debtor/Plaintiff is currently unemployed, the Debtor/Plaintiff has held various jobs throughout his life, including jobs in food service, janitorial service, and as a pastor. No evidence was submitted to the Court that the Debtor/Plaintiff is not capable of holding these types of jobs in the future.

6. The Debtor/Plaintiff's only current source of income is Social Security disability of approximately $983 per month, from which $100 is currently deducted per month because of a prior overpayment.

7. The Debtor/Plaintiff resides with a disabled brother in a home owned by another family member, and, while the Debtor/Plaintiff has no rental expense, he does share in one-half of the utilities and one-half of home maintenance repairs.

8. The undisputed facts reveal that, while the Debtor/Plaintiff has little excess income after his living expenses, he has some ability to make payments on the subject student loan.

### Conclusions of Law

Pursuant to 11 U.S.C. § 523(a)(8):

> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> > (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for -
> >
> > > (A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental

>unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution;

The determination of whether there is undue hardship under § 523(a)(8)(A) requires a three-pronged inquiry. In re Roberson, 999 F.2d 1132 (7th Cir. 1994). First, the Debtor/Plaintiff must show that his current financial condition precludes him from maintaining a minimal standard of living for himself and his dependents if forced to repay his student loan. Second, the Debtor/Plaintiff must show that additional circumstances exist which indicate that his current financial condition is likely to exist for a significant portion of the repayment period. Third, the Debtor/Plaintiff must demonstrate that he has made a good faith effort to repay his loans. Roberson, supra, at 1135; Goulet v. Educational Credit Management Corp., 284 F.3d 773 (7th Cir. 2002); In re Simmons, 334 B.R. 632 (Bankr. C.D. Ill. 2005).

Under the first prong of the Roberson test, the Court finds that the Debtor/Plaintiff has failed to establish that he cannot maintain a minimal standard of living for himself if forced to make some payment on the educational loan at issue. While the Debtor/Plaintiff is currently unemployed, he is receiving Social Security disability benefits. The evidence at trial establishes that, while the Debtor/Plaintiff has severe problems with his eyesight, he has successfully held various jobs in the past, and there has been no showing that he is not capable of obtaining employment of some sort in the future.

Under the second prong of Roberson, the Debtor/Plaintiff must establish, by a preponderance of the evidence, that additional circumstances exist indicating that his current state of affairs is likely to persist over a significant portion of the life of the educational loan. In interpreting this section, the Seventh Circuit has stated that, "The dischargeability of student loans should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." Roberson, supra, at 1136; Goulet, supra, at 778. This is a very rigid burden on the debtor, and, in this case, the Debtor/Plaintiff has the

potential to obtain meaningful employment, and, as such, has not established a "certainty of hopelessness" as required by the Seventh Circuit.

Finally, under the third prong of the Roberson test, the Debtor/Plaintiff must establish that he has made a good faith effort to repay the loan in question. Having found that the Debtor/Plaintiff has failed to prove the first and second prongs of the Roberson test, the Court need not address whether the Debtor/Plaintiff has made a good faith effort to repay the student loan in question prior to his bankruptcy filing. However, in this regard, the Court would note that the Debtor/Plaintiff has made some efforts to cooperate with the Department of Education to establish a workable repayment plan.

Although the Court finds that the Debtor/Plaintiff has failed to meet his burden of proof pursuant to 11 U.S.C. § 523(a)(8)(A), the Court concludes that the Debtor/Plaintiff should be given a window of opportunity to recover from his current financial situation. As such, the Court finds that, for a period of two years from the date of this Order, the Debtor/Plaintiff should pay the Department of Education the sum of $50 per month toward retirement of his student loan. At the conclusion of the two year period, the parties are directed to cooperate to determine what, if any, payment is appropriate in the future.

ENTERED: January  24 , 2008.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge